JUDGE BAER

12 CV 3232

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com



Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

---

Javier Nunes, on behalf of
himself and all other persons
similarly situated,

        Plaintiff,

      – vs. –

LM Restaurant Group LLC d/b/a
Sidebar, Michael Sinensky,
and Sean McGarr,

        Defendants.

DOCKET NO. 12-CV-_____

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff Javier Nunes, by and through his undersigned attorneys, for his complaint against defendants LM Restaurant Group LLC d/b/a Sidebar, Michael Sinensky, and Sean McGarr, alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.    Plaintiff Javier Nunes alleges on behalf of himself and on behalf of other similarly situated current

and former employees of defendants LM Restaurant Group LLC d/b/a Sidebar, Michael Sinensky, and Sean McGarr, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because defendants' violations were willful.

2.   Mr. Nunes further complains that he is entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, and (ii) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.   Plaintiff Mr. Nunes is an adult individual residing in Queens, New York.

4.   Plaintiff Mr. Nunes consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); Mr. Nunes's written consent is attached hereto and incorporated by reference.

5. Upon information and belief, defendant LM Restaurant Group LLC d/b/a Sidebar ("Sidebar") has a principal place of business at 120 East 15th Street, New York, NY 10003.

6. At all relevant times, defendant Sidebar has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Sidebar has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Sidebar has used goods produced in interstate commerce.

9. Upon information and belief, at all relevant times, defendant Sidebar has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Michael Sinensky is an owner or part owner and principal of Sidebar, who has the power to hire and fire employees, set wages and schedules, and retain their records.

11.   Defendant Michael Sinensky was involved in the day-to-day operations of Sidebar and played an active role in managing the business.

12.   Defendant Michael Sinensky constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

13.   Upon information and belief, defendant Sean McGarr is an owner or part owner and principal of Sidebar, who has the power to hire and fire employees, set wages and schedules, and retain their records.

14.   Defendant Sean McGarr was involved in the day-to-day operations of Sidebar and played an active role in managing the business.

15.   Defendant Sean McGarr constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

16.   This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Nunes's state law claims pursuant to 28 U.S.C. § 1367.   In addition, the Court has jurisdiction over Mr. Nunes's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17.   Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

18.   Pursuant to 29 U.S.C. § 207, Mr. Nunes seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since April 23, 2009, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates of at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19.   The Collective Action Members are similarly situated to Mr. Nunes in that they were employed by defendants as non-exempt employees of defendants, and were denied premium overtime pay for hours worked beyond forty hours in a week.

20.   They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

21.   The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

22.   At all relevant times herein, defendants owned and operated a restaurant/bar in New York.

23.   From approximately May 7, 2009 until February 24, 2012, Mr. Nunes was employed by defendants as a food preparer and dishwasher.

24.   Mr. Nunes's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

25.   At all relevant times herein, Mr. Nunes was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

26.   For the first two years of Mr. Nunes's employment with defendants, until approximately mid-2011, Mr. Nunes routinely worked eight hours per day, six days per week.

27.   As a result, during the first two years of his employment, Mr. Nunes generally worked about 48 hours per week.

28. During the first two years of his employment, Mr. Nunes, who was paid by check, was paid $10 per hour for each of those hours worked, including the hours in excess of 40 in a given week.

29. In approximately mid-2011, defendants, without explanation, began paying Mr. Nunes time-and-a-half for his overtime hours; nevertheless, defendants did not attempt to compensate Mr. Nunes for his overtime hours worked until that point.

30. For approximately the first two years of his employment, defendants willfully failed to pay Mr. Nunes the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

31. Upon information and belief, throughout the period of Mr. Nunes's employment, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like Mr. Nunes (the Collective Action Members) in positions that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

32. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

33. Upon information and belief, while defendants employed Mr. Nunes, and through all relevant time periods, defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

### COUNT I

### (Fair Labor Standards Act - Overtime)

34. Mr. Nunes, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

35. At all relevant times, defendants employed Mr. Nunes and each of the Collective Action Members within the meaning of the FLSA.

36. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

37. As a result of defendants' willful failure to compensate their employees, including Mr. Nunes and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. Due to defendants' FLSA violations, Mr. Nunes and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>COUNT II</u>

<u>(New York Labor Law - Overtime)</u>

40. Mr. Nunes repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

41. At all relevant times, Mr. Nunes was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

42. Defendants willfully violated Mr. Nunes's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

43. Defendants' failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

44. Due to defendants' New York Labor Law violations, Mr. Nunes is entitled to recover from defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Mr. Nunes respectfully requests that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them

to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

f. Liquidated damages for defendants' New York Labor Law violations;

g.  Back pay;

h.  Punitive damages;

i.  An   award   of   prejudgment   and   postjudgment
    interest;

j.  An  award  of  costs  and  expenses  of  this  action
    together  with  reasonable  attorneys'  and  expert
    fees; and

k.  Such  other,  further,  and  different  relief  as
    this Court deems just and proper.


Dated:   April 20, 2012

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed.R.Civ.P. 38 (b), plaintiff Mr. Nunes demands a trial by jury on all questions of fact raised by this complaint.

Dated:   April 20, 2012

David Stein (DS 2119)
Michael Samuel (MS 7997)
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of LM Restaurant Group, LLC d/b/a Sidebar and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct, and consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Javier Nunes

Date: March 16, 2012